**Ellen GORDON–ROSS, Plaintiff–Appellant,**

v.

**NUVIEW UNION SCHOOL DISTRICT, a political subdivision, Defendant–Appellee.**

**No. 09–56680.**

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2011.\*

Filed May 10, 2011.

Moises Alcides Aviles, Aviles & Associates, San Bernardino, CA, for Plaintiff–Appellant.

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John William Dietrich, Esquire, Todd M. Robbins, Mark W. Thompson, Esquire, Atkinson Andelson Loya Ruud & Romo, Riverside, CA, Marlon Craig Wadlington, Esquire, Atkinson, Andelson, Loya, Ruud & Romo, Cerritos, CA, for Defendant-Appellee.

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Plaintiff Ellen Gordon–Ross brought this action against her employer, Nuview Union School District (NUSD).[1] Gordon–Ross appeals the district court's dismissal of the two claims in her First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). We affirm.

Gordon–Ross's first claim alleged NUSD violated her federal civil rights under 42 U.S.C. § 1983. After reviewing Gordon–Ross's original complaint, the district court correctly noted that her § 1983 claim was actually a Title VII claim for age and gender employment discrimination. *Cf. Ahlmeyer v. Nev. Sys. of Higher Educ.,* 555 F.3d 1051, 1057 (9th Cir.2009); *Candelore v. Clark Cnty. Sanitation Dist.,* 975 F.2d 588, 590 (9th Cir.1992). Because Gordon–Ross had not pled that she met Title VII's exhaustion requirements, *see, e.g., Surrell v. Cal. Water Serv. Co.,* 518 F.3d 1097, 1104–05 (9th Cir.2008), the district court dismissed the original complaint with leave to amend. The court's order included a detailed legal analysis explaining how Gordon–Ross could amend her complaint to properly state a valid claim.

Eschewing the district court's guidance, Gordon–Ross's amended complaint contained no significant revisions. Her amended complaint still did not allege any non-employment-based § 1983 claims—which would not require Title VII exhaustion—nor did it allege that she had exhausted Title VII remedies. Further, Gordon–Ross never argued before the district court that she could possibly include the necessary allegations if further leave to amend was granted. Accordingly, the district court appropriately dismissed Gordon–Ross's § 1983 claim with prejudice.

Gordon–Ross's second claim sought a writ of mandamus under California Code of Civil Procedure section 1085. Gordon–Ross argued NUSD violated her statutory rights to re-employment under California Education Code section 44956 by laying her off and then re-hiring her to a lesser teaching position. Gordon–Ross sought a writ compelling the school district to re-hire her to her original position (kindergarten teacher).

The district court correctly dismissed Gordon–Ross's second claim for two reasons. First, the claim is time-barred because Gordon–Ross did not challenge NUSD's decision to lay her off within thirty days. *See* Cal. Gov't Code § 11523. Gordon–Ross cites no case that would allow her petition to be filed outside this time window. Although she argues the time limit does not apply because she also brought the § 1983 claim, that argument lacks merit.

Second, the district court properly dismissed Gordon–Ross's second claim be-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The parties are familiar with the facts, and we repeat them only as necessary to explain our disposition.

686

cause mandamus can be invoked only to compel a purely ministerial duty—i.e., an act the government entity is required by law to perform. *Ridgecrest Charter Sch. v. Sierra Sands Unified Sch. Dist.*, 130 Cal.App.4th 986, 1002, 30 Cal.Rptr.3d 648 (2005). Mandamus cannot compel a government entity to exercise its discretion. *Id.* Although NUSD was statutorily required to re-hire teachers in order of seniority, *see* Cal. Educ.Code § 44956, the specific positions into which they are re-hired is up to NUSD. Thus, Gordon–Ross cannot seek a writ of mandamus compelling NUSD to re-hire her as a kindergarten teacher.

Each party shall bear its own costs.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.